Susan Ghim
Attorney at Law
1261 Broadway, Suite 201
New York, New York 10001
Phone: (646) 403-9894    Fax: (646) 688-4813    E-Mail: ghimlaw@gmail.com

October 30, 2009

Via ECF
Thomas D. Wall, U.S.M.J.
United States District Court
Eastern District of New York
1044 Federal Plaza
Central Islip, New York 11722-9014

      Re:    Thong v. Majoongmol Corp., 08 cv 3469 (TJP)(WDW)  ECF Case
              Response to Motion for Protective Order filed 10-27-09

Dear Judge Wall:

      I represent the recently named defendant, Ying Ai Che in the above entitled action[1]. I write to join in Co-Defendants Susan Lee, Viva Nail & Spa, Inc. and Majoongmol Corp.'s FRCP 26(c) motion to preclude audio recordings or additional methods of recording the depositions of defendants and witnesses and in all future depositions. Utilizing audio recordings in addition to stenographic means not only duplicates costs for the defendants but also affords plaintiffs yet more opportunities to obfuscate the core issues of this case before your Honor, as detailed below.

      1.    <u>Additional means of recording the deposition would incur additional and unreasonable costs for all defendants.</u>  The use of such recordings will require transcription of those recordings. Although plaintiffs bear the cost of the transcription of the recordings, the economic reality is that defendants will incur the costs to copy and analyze an additional transcript and defend or object to that additional transcription. Moreover, plaintiffs' contention that they need the recording to object to translations was specious, as such objections must be made during the deposition, not after. This also unfairly presupposes the incompetence of the translator and does not protect him/her from being involuntarily recorded. Plaintiffs complain they and their counsel do not speak Korean. However, they are not being prevented from seeking out another bilingual attorney to aid them during the deposition. Such additional cost to plaintiffs should have been part of their calculus when they decided to sue and they should not be heard to complain about it now.

---

[1] Currently, Defendant Che has completed her briefing exchange for a 12(b)(6) motion to dismiss plaintiffs' Second Amended Complaint (SAC) that was served on September 7, 2009. Judge Platt's chambers advised her to file these papers on December 15, 2009. Meanwhile, unless and until a determination is rendered on the 12(b)(6) motion in her favor, Defendant Che is preserving her rights to attend and object at the depositions of all parties and witnesses, specifically, those who are currently on a discovery schedule to end on December 15, 2009.

1

      2.     <u>Plaintiffs' right to audio tape the deposition of defendants.</u> As the attorney for Defendant Che, I was copied on some of the e-mail correspondence between Mr. Yim and Mr. Han pertaining to the audio recording of the depositions and none of the points raised by plaintiffs on this issue mattered because plaintiffs ultimately stated in their opposition, "Plaintiffs have a right under Federal Rule of Civil Procedure 30(b)(3)(A) to record the deposition of Ms. Susan Lee "by audio"…" Plaintiffs conceded that their intent and objective was to audio record Susan Lee's deposition. And these points made by plaintiffs were solely to blur the main issues before the Court and further waste time and resources. Moreover, plaintiffs did not present to the Court that this right to an additional method of recording is not an absolute right and the Court has the discretion to order otherwise.

    Plaintiffs also stated that a Notice of Deposition had not been served yet therefore the motion was premature. However, plaintiffs proposed the date for the deposition of Susan Lee on November 11, 2009, two weeks away. Plaintiffs failed to explain why their Notice of Deposition was not served yet, which only evidenced their intent to not allow reasonable time for this inevitable motion. The filing of this motion was necessitated by and in anticipation of their predictable and unreasonable pattern of conduct and it was thereby proper under the circumstances.

      3.     <u>The Court should enjoin plaintiffs from engaging in the harassment of defendants at all future depositions as detailed in Co-Defendants' motion for protective order.</u> Plaintiffs have evidenced a pattern of improper conduct directed at the defendants and their attorneys at depositions as detailed in Mr. Yim's motion and against Defendant Che. For instance, at the July 15, 2009 deposition (transcript exceeds 15 pages thus courtesy copy will be overnighted to chambers) of then third party witness Che, 1) four attorneys from the plaintiffs' side and a plaintiff sat directly opposing and staring at witness Che and coupled with personal questions, Defendant Che stated she was made to feel like a criminal[2] 2) Natasha Koragankoar, Esq. and John Han, Esq. simultaneously conducted the deposition to confuse and intimidate Ms. Che[3], 3) Ms. Korgankoar repeated asked and answered questions to harass and intimidate Ms. Che over my objections to form and over the witness' complaints that the questions were confusing her and making her physically ill[4] 4) without any provocation, Natasha Korgankoar, Esq. made a personally derogatory and disruptive remark about the undersigned during the deposition to distract and annoy[5], 5) Ms. Korgankoar also falsely stated on the record that the undersigned was coaching Ms. Che[6]. I stated for the record that my objections were not translated to my client who sat with her back to me to face the translator throughout the deposition and therefore, Ms. Korgankoar's accusations were baseless[7]. Ms. Korgankoar did not object or state otherwise for

---

[2] Che Deposition at 16:23-25, 17:1-5; 82:12-25, 83:2-11.
[3] Che Deposition commencing at 17:23-25 through 125:23-25 – 128:15. Che Deposition at 126: 18-22. "Q. Okay and after you purchased the store, you believed it was yours?" Ms. Korgankoar: Objection. That's not a question." The Stenographer clearly transcribed a question yet Ms. Korgankoar objected on the basis that it wasn't a question.
[4] Che Deposition at 95:1-6, 120:2-13 the answer to the same questions were given at Che Deposition at 57:6-17; 59:10-25; 60:13-19; 82:12-25; 83:2-11; 96:11-25, 97:18-25, 98:7-17; 100: 1-12; 101: 21-25; 102:1-5;104: 3-7; 110 8-25; 111:4-15; 112:8-24; 113: 6-21; 114: 1-11, 22-25; 115:2-6; 118 19-25, 119:2-25. Even Though Ms. Che answered that Susan Lee was the previous owner, Ms. Korgankoar stated, "I have to get an answer. I can't understand her answer." Che Deposition at 98:14-15.
[5] Che Deposition at 76:25 -77:2-16
[6] Che Deposition at 95:7-9.
[7] Che Deposition at 95:7-24

the record. Similarly, Plaintiffs stated in their opposition that the attorneys for plaintiffs did not laugh out loud at Ms. Lee and that they did not reduce Ms. Lee to tears. However, it was noted in the deposition transcript that a plaintiff and attorney were giggling and the transcript is devoid of any denial[8]. They cannot credibly deny it now. Plaintiffs complain that they are the victims in order to avoid responsibility for their own misconduct. This has been typical of plaintiffs' conduct – when the testimony does not suit their needs, they fabricate facts and the attorneys substitute their own testimony[9]. Also, attorneys are prohibited from interjecting their personal opinions or their characterization of the case during a court proceeding. Nevertheless, plaintiffs continue to do so with impunity[10].

Plaintiffs also asserted that they "moved for contempt based on the suggestion of Judge Platt." Plaintiffs also failed to disclose that they withdrew this motion after defendants submitted an opposition brief. This declaration should not be tolerated by this Court because it blames Judge Platt for plaintiffs' conduct, suggests an improper relationship between Judge Platt and the plaintiffs' attorneys and potential bias against the defendants. Plaintiffs should be reminded that Judge Platt and judges generally do not practice law. The March 12, 2009 hearing transcript revealed that Judge Platt stated that he could <u>not</u> counsel Mr. Han on how to practice law.[11] In the same paragraph 5 of the opposition, plaintiffs stated that they "continue to take the position that the motion for contempt was warranted." Hypothetically, if this statement is taken as true, plaintiffs' attorneys admitted that they withdrew their motion in dereliction of their duties as officers of this Court and to their clients. Otherwise, plaintiffs should cease advancing baseless claims. As detailed above, plaintiffs have no legitimate purpose for their additional method of recording the deposition, engaged in a continuous pattern of bad faith conduct during proceedings before the Court.

For the foregoing reasons, all defendants and witnesses should be granted protection against any methods of recording in addition to stenographic means, and future bad faith conduct during court proceedings and any further relief as your Honor deems just and proper.

                                            Respectfully Submitted,
                                            /s/
                                            Susan Ghim
                                            Attorney for Defendant, Ying Ai Che
                                            1261 Broadway, Suite 201
                                            New York, New York 10001

To:    John Han, Esq./Natasha Korgankoar, Esq.    Diane Lee, Esq./ Michael Yim, Esq.
         David Colodny, Esq./Carmela Huang, Esq.    Attorneys for Defendants
         Carmela Huang, Esq.                              Majoongmol Corp., Viva Nails & Spa, Inc.,
         Attorneys for Plaintiffs via ECF               and Susan Lee Via ECF

---

[8] Lee Deposition at 96:7-9.
[9] Che Depositon at 61: 14-16, 72:16-18, 91:21-23. 3-25-09 Hearing Transcript at 57:9-15, 21-23, 58:8-15, 59:6-25, 60:19-25, 61:1-6. Exhibit B
[10] Che Depositon at 43:25 – 44:1-3; 61: 14-16, 72:16-18, 91:21-23
[11] 3-12-2009 Hearing Transcript at 5: 20-25, 6:1-2  Exhibit A