# EXHIBIT B

```
                                                                    1
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - - - X
                                  :
    SIEW V. THONG, et al,
                                       08-CV-03469 (TCP)(MLO)

         Plaintiffs,

              -against-            :
                                       United States Courthouse
                                       Central Islip, New York
    MAJOONGMOOL CORPORATION, et al,


         Defendant.                :
                                       March 25, 2009
    - - - - - - - - - - - - - - - X   10:00 a.m.

              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE THOMAS C. PLATT
              UNITED STATES DISTRICT JUDGE

    APPEARANCES:

    For the Plaintiff:        COVINGTON & BURLING
                              620 Eighth Avenue
                              New York, New York 10018
                              BY:  JOHN HAN, ESQ.

    For the Defendant:        DIANE H. LEE, ESQ.
                              158-14 Northern Boulevard
                              Suite UL-7A
                              Flushing, New York 11358




    Court Reporter:           Perry Auerbach
                              100 Federal Plaza
                              Central Islip, New York 11722
                              (631) 712-6103




         Proceedings recorded by mechanical stenography.
              Transcript produced by computer.
```

```
                                                          57
 1              THE COURT:  Then you find out if it's a bona
 2   fide transfer but I can't do it otherwise.
 3              MR. HAN:  Yes, sir.
 4              THE COURT:  Okay.
 5              MS. LEE:  Your Honor, yes, if I may continue.
 6              THE COURT:  Please, please, please.  What?
 7              MS. LEE:  If I may continue, your Honor.
 8              THE COURT:  Yes.
 9              MS. LEE:  There are several misrepresentations
10   that I wanted to clarify for the record, your Honor.
11   First of all, Ms. Susan Lee has never testified that she
12   does not know John Lee.  It says so in the transcript, I
13   know John Lee, except they're not married and Mr. Han
14   keeps insisting they're married.  They live together but
15   are not married.
16              THE COURT:  You know, I only got about a third
17   of what you said.
18              (Statement read.)
19              THE COURT:  Go ahead.  I guess I'm getting deaf,
20   the court reporter got it.
21              MS. LEE:  The second thing is that my client,
22   Ms. Susan Lee, has never testified that her attorney told
23   her it was okay to sell the business.
24              THE COURT:  Okay to what?
25              MS. LEE:  Okay to sell the business, sell the
```

58

1  salon.

2  THE COURT: Never told her it was okay? Or did
3  tell her.

4  MS. LEE: If I can read from the record,
5  your Honor, may I?

6  THE COURT: I didn't understand what you've
7  said. Her attorney never told her what?

8  MS. LEE: The attorney never told her that it
9  was okay for her to sell the salon. She testified that
10 repeatedly. After an emergency hearing in front of
11 your Honor, Mr. Han goes back to the deposition and tries
12 to elicit an admission from her basically, who told you
13 that it was okay to sell the Diva Nail Salon, and she says
14 I wasn't told that it was okay to sell the salon. That
15 was on page 105.

16 THE COURT: So she sold it without of any
17 lawyer.

18 MS. LEE: Right.

19 MR. HAN: That's not --

20 THE COURT: Wait a minute. Just what she
21 represented to me now. Sit down.

22 MS. LEE: And when Mr. Han came up here,
23 your Honor, Mr. Han told your Honor that she said, meaning
24 my client, she said that her lawyer said it was okay.

25 THE COURT: It was the lawyer's fault, the

Official Court Reporter

59

1  lawyer was at fault, she was told by her lawyer that it
2  was okay.
3          MS. LEE: That was not her testimony,
4  your Honor. She testified on several different occasions
5  that I was not told that it was okay to sell.
6          THE COURT: So she sold it of her own accord.
7          MS. LEE: Yes, your Honor.
8          I just wanted to make the record clear because
9  Mr. Han misrepresented that my client had told her that it
10 was okay for her to sell.
11         MR. HAN: To make the record clear, your Honor,
12 it was a coded conversation. The conversation went as
13 follows: Is there an order stopping me from selling the
14 salon? No, there is no order from the court. I agree
15 with Ms. Lee to the extent that stated, that she just
16 asserted that she told her client you can sell the salon.
17 Never said those words, I agree.
18         There was consultation with counsel beforehand
19 about the effect of the proceedings in this court and
20 Ms. Lee told her client that there is no order stopping
21 you from selling the salon. She didn't say you can sell
22 it. But what's the difference?
23         MS. LEE: Your Honor, I was never -- I never
24 consulted with her. She never consulted with me about
25 selling the salon. Not anytime.

60

1  THE COURT: Now wait a second. It's easy enough
2  to get the transcript and show where she said one thing
3  and point it out to Judge Wall.
4  MS. LEE: Yes.
5  THE COURT: If her attorney lied, I'd like to
6  know that, too.
7  MS. LEE: Your Honor --
8  MR. HAN: We have those excerpts, your Honor.
9  MS. LEE: Mr. Han is taking the testimony out of
10  context. It is in the testimony, so ...
11  THE COURT: I haven't got the testimony before
12  me. You have to have it transcribed. Then I can tell
13  what the difference is.
14  MR. HAN: Page 104, I believe I handed
15  your Honor a copy of the transcript. It's on page 104.
16  The testimony is right there.
17  MS. LEE: On page 127, my client said --
18  THE COURT: Your client said what.
19  MS. LEE: On page 127, my client said there was
20  no conversation about selling the store with my attorney.
21  MR. HAN: There's a conversation, whether
22  there's an order which she knew we moved to prevent her
23  from selling the store. She called counsel afterwards and
24  said is there an order preventing me from selling the
25  store, counsel says no, I mean literally, I agree with

Perry Auerbach, CSR, RPR
Official Court Reporter

61

1  defense counsel, literally she didn't say the words you
2  can sell the store.  I advise you to sell the store.  She
3  wouldn't say that, though, your Honor.  But I mean, she
4  clearly knew who was going to happen.  She knew we were
5  having this hearing.  Defense counsel told her there is no
6  order.
7           MS. LEE:  Your Honor, at that point it is true.
8           THE COURT:  You can argue that point before
9  Judge Wall.  In my book it sounds to me like she violated
10 an order of the court.
11          Anything further?
12          MS. LEE:  Your Honor, it is true that there was
13 an order to sell.
14          THE COURT:  You're better have a long talk with
15 your client about things like that.  He's not going to
16 tolerate, I'm not going to tolerate I didn't know what it
17 meant.
18          MS. LEE:  I'm sorry?
19          THE COURT:  I'm not going to tolerate at this
20 stage "I did not know what it meant."
21          MS. LEE:  We had a face-to-face conversation.
22          THE COURT:  Lay it out.
23          MS. LEE:  It was never discussed.
24          THE COURT:  Lay it out in question and answer
25 form that shows she did not know.