# COVINGTON & BURLING LLP

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

JOHN HAN
TEL 212.841.1061
FAX 646.441.9061
JHAN @ COV.COM

November 2, 2009

BY ECF

Hon. William D. Wall
Long Island Courthouse
1044 Federal Plaza
Central Islip, NY 11722-9014

    Re:    <u>Thong v. Lovely Nails, Inc. (08-CV-3469)</u>

Dear Magistrate Judge Wall:

    Plaintiffs in the above titled action write in response to Defendant Ying Ai Che's Motion for a Protective Order, dated October 30, 2009, which seeks to prevent Plaintiffs from recording the deposition of Defendant Susan Lee. (Docket No. 81). As stated in our opposition letter dated October 28, 2009, Ms. Ghim filed the letter motion before the deposition of Ms. Lee was even noticed. Even assuming the letter is procedurally proper, which it is not, the motion fails because Plaintiffs have a right to video and audio record Ms. Lee's deposition under Federal Rule of Civil Procedure 30(b)(3)(A). An audio or video record of the deposition is needed because it will be translated and there will be no record of the translation otherwise.

    In violation of Your Honor's Rule 3.A, the letter is an impermissible surreply made directly in response to Plaintiffs' opposition letter. Ms. Ghim's client, Ms. Che, lacks even standing to make a motion to protect Ms. Lee, a different defendant. In violation of Your Honor's Rule 3.A and Local Rule 37.3(a), Defense Counsel Ghim never even contacted Plaintiffs' regarding the motion before filing it. Because Ms. Ghim failed to meet and confer with Plaintiffs before filing the motion, Plaintiffs never had an opportunity to give her the same offer that they gave to the other defendants. Plaintiffs will stipulate to limit the use of any recording made in this litigation for purposes of the lawsuit only.

    Although Plaintiffs regret further waste of the Court's time, they must again address misrepresentations made in Ms. Ghim's letter. For the sake of brevity, Plaintiffs do not address each and every misrepresentation made in the letter:

1. "Ms. Korgankoar [sic] also falsely stated on the record that the undersigned was coaching Ms. Che." Ms. Ghim coached her witness throughout the deposition through speaking objections that contained the answer that the witness should give. *See, e.g.,* (Che Dep. Tr.) at 45:3-15, 94:11-95:6.

COVINGTON & BURLING LLP

Page 2

2. "Plaintiffs also failed to disclose that they withdrew [the] motion [for contempt] after defendants submitted an opposition brief." Plaintiffs withdrew their motion for contempt in the interest of keeping this litigation focused on the merits of the claims brought against the defendants, and not for any other reason. After several hearings before Your Honor, Plaintiffs recognized that the litigation would become endlessly sidetracked if Plaintiffs sought relief from the Court each and every time the Defendants improperly transferred the salon business.[1] At no time, however, have Plaintiffs taken a position that the transfers are somehow legitimate.

3. "[I]t blames Judge Platt for plaintiffs' conduct, suggests an improper relationship between Judge Platt and the plaintiffs' attorneys and potential bias against defendants." This is a blatant mischaracterization of the statement made in Plaintiffs letter in opposition, which stated that Judge Platt indicated in open court on several occasions that both defendants and defense counsel may properly be moved against for contempt of court. (March 12, 2009 Hr'g Tr.) at 36:9-10; (March 25, 2009 Hr'g Tr.) at 37:19-21, 38:11-15. Plaintiffs are shocked that Defendants would imply Judge Platt and Plaintiffs have "an improper relationship." The contempt motion brought against defendants was based on a representation defense counsel made to Judge Platt:

> THE COURT: What assurance are you giving them property will not be sold and transported out of the country?
>
> MS. LEE: It's in Ms. Susan Lee's declaration. She has no intention to sell the second location.

(March 12, 2009 Hr'g Tr.) at 33:16-20. Defendant Susan Lee then proceeded to do exactly what she had promised the Court she would not do: she sold the nail salon one day before her court ordered deposition.

The fact is that there is no dispute that Plaintiffs were not paid for overtime hours that they worked. Plaintiffs respectfully request that the motion be denied and any additional relief which the court may deem proper.

Sincerely,

/s

John Han

---

[1] Note that the Glen Head salon has been transferred yet again, since the motion for attachment was filed on June 19, 2009, to a new company called Oakland Garden Nails.

COVINGTON & BURLING LLP

Page 3

cc: Susan Ghim
    Diane Lee
    Michael Yim
    David Colodny
    Carmela Huang
    Natasha Korgaonkar