UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SIEW V. THONG, YUE F. XIA, QIAO F. CHEN,

                  Plaintiff(s),

   -against-

LOVELY NAILS NY, INC. d/b/a Lovely Nails,
NEW ALWAYS NAILS CORP. d/b/a Always is
Nails, MAJOONGMOOL CORP. d/b/a/ Always is
Nails, J H DIVA NAIL & SPA, INC. d/b/a Diva Nails,
VIVA NAILS & SPA, INC. d/b/a "Diva Nails,"
QIXING LI a/k/a John Lee, GUINING CUI a/k/a
Susan Lee, and YING AI CHE a/k/a Cha Young He,

**REPORT AND**
**RECOMMENDATION**

CV 08-3469  (TCP) (WDW)

                  Defendant(s).
-------------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

     Before the court on referral from District Judge Platt is a motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) submitted by defendant Ying Ai Che a/k/a Young He Cha ("Che").  Docket Entry ("DE") [87].  The motion is opposed by the plaintiffs.  For the reasons set forth herein, it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

     Familiarity of the facts is presumed given the lengthy recitation thereof in the undersigned's Report and Recommendation dated December 12, 2009, DE [88].  In brief, plaintiffs in this action are former employees of the Always Is Nails salon located at 744 Old Bethpage Road, Old Bethpage, New York (the "Bethpage salon").  The action was originally commenced against defendants Majoongmool Corp. ("Majoongmool"), Viva Nails, Susan Lee and John Lee, and asserted various claims under both federal and state law, and retaliation and age discrimination under New York law.  DE [1].  Shortly after the action was commenced,

Susan Lee transferred ownership of the Bethpage salon to defendant Lovely Nails NY, Inc. 2nd Am. Compl. ¶90. Susan Lee operated a second salon called Diva Nails located at 240 Glen Head Road, Glen Head, New York (the "Glen Head salon"). Several months after the original complaint was filed, Lee transferred ownership of the Glen Head salon to Ying Ai Che. On August 25, 2009, plaintiffs filed a Second Amended Complaint[1] adding Che as a defendant. The Second Amended Complaint added six causes of action for fraudulent conveyance under New York's Debtor and Creditor Law ("DCL"), three pertaining to the transfer of the Bethpage salon and three regarding the transfer of the Glen Head salon. It is Che's motion to dismiss the Second Amended Complaint that is currently before the court.

Prior to the filing of the Second Amended Complaint, plaintiffs had moved the court for provisional relief. Upon referral of plaintiffs' motion for an order of attachment, the undersigned issued a Report and Recommendation that the motion be denied. *See* DE [88].[2] The report specifically stated that its findings "should be interpreted in light of the limited purpose for which they were made." *Id.* p. 2.

## DISCUSSION

This motion to dismiss is presented in a somewhat unusual position in the litigation. As a result of plaintiffs' motion for provisional relief, various depositions were conducted and documents exchanged. Che makes numerous references to this extrinsic evidence in support of

---

[1]On June 1, 2009, plaintiffs filed the First Amended Complaint to add claims of retaliation under federal law and national origin discrimination under state law. *See* Am. Compl, DE [51]. Che isn't mentioned in either the original complaint or the amended complaint.

[2]Judge Platt adopted the R&R in its entirety by order dated January 11, 2010. *See* Order, DE [89].

her motion to dismiss. In their opposition papers, plaintiffs refer to some extrinsic evidence, but largely confine their opposition to whether the Second Amended Complaint can withstand a motion to dismiss on its face.

In general, "a district court should decide a motion to dismiss on the complaint alone, excluding additional evidence, affidavits, exhibits, and factual allegations contained in legal briefs or memoranda." *Platt v. The Incorporated Village of Southampton*, 2009 WL 3076099, at * 4 (E.D.N.Y. Sept. 21, 2009). When faced with the submission of extrinsic evidence in support of a Rule 12 (b)(6) motion to dismiss, the court has two options – it may either exclude the extrinsic evidence or convert the motion to one for summary judgment and allow the parties to submit supporting materials. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir 2002). "Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a ... motion [to dismiss], and thus complete discretion in determining whether to convert the motion to one for summary judgment." *Carione v. United States,* 368 F.Supp.2d 186, 191 (E.D.N.Y.2005) (internal citations omitted).

Most of the evidence relied upon by both parties was gathered either before Che was a named defendant or as part of plaintiffs' motion for an order of attachment. Since that time, the parties have conducted additional discovery that could also be used by either party in the context of a summary judgment motion. Given the possible existence of additional evidence and the fact that the parties have not been advised of any intention to convert the motion or given an opportunity to supplement their submissions, the undersigned will treat this as a motion to dismiss pursuant to Rule 12 (b)(6)

3

**Standard For Motion To Dismiss**:

To withstand a motion to dismiss, the complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The court must still assume that well-pleaded factual allegations set forth in a complaint are true and draw all inferences in favor of the non-moving party (*see, e.g., Holmes v. Poskaner,* 2009 WL 2171326 (2d Cir. Jul. 21, 2009)), but those factual allegations must be enough to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Williams v. Berkshire Fin. Grp. Inc.*, 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007)(quoting *Twombly*, 127 S. Ct. at 1969); *see also ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

The Supreme Court has further explained that "[t]wo working principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Although for the purposes of a motion to dismiss the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. As the *Ashcroft* court noted, Federal Rule 8 may be a generous departure from stricter pleading rules of the past, but "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The second principle underlying *Twombly*, *Ashcroft* explains, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* at 1950. "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal quotation marks and citations omitted). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (internal quotation and punctuation marks omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* With these standards in mind, the court turns to the motion currently before it.

The Second Amended Complaint contains sixteen causes of action that can divided into three broad types: federal and state claims regarding compensation issues and discrimination suffered by plaintiffs during their employment at the Bethpage salon (Counts I through X), state fraudulent conveyance claims regarding the transfer of the Bethpage salon (Counts XII, XIV and XVI), and state fraudulent conveyance claims regarding the transfer of the Glen Head salon (Counts XI, XIII and XV). With a few exceptions, plaintiffs assert all claims against all defendants, including Che.

**Fraudulent Conveyance**

Plaintiffs have brought causes of action under New York law alleging that transfers of the salons constitute both constructive fraud under DCL §273 and actual fraud under DCL §276. Although plaintiffs assert claims regarding the transfers of both salons, the court will first examine only those claims pertaining to the transfer of the Glen Head salon from Susan Lee to Che.

Constructive Fraud under DCL §273

DCL §273 declares a conveyance to be fraudulent if it is made without "fair consideration" and the transferor is rendered insolvent by the transfer regardless of her actual intent. Under New York law, fair consideration is given for property when in exchange, "as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." DCL §272. Where the transfer is allegedly intended to satisfy an antecedent debt, fair consideration is given when the amount of the debt is not "disproportionately small as compared with the value of the property." *Id.* Since actual intent to defraud is not an element, this claim is not subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules. *See, e.g., Scantek Med'l, Inc. v. Sabella,* 583 F. Supp. 2d 477, 497 (S.D.N.Y. 2008) (no heightened pleading required for DCL §274 constructive fraud claim).

Plaintiffs allege that the transfer lacked fair consideration and had the effect of rendering Susan Lee insolvent. 2nd Am. Comp. ¶172. They allege that to the extent that the transfer was to satisfy an antecedent debt, the debt represented "only a fraction" of the salon's value, *id.* ¶¶94, 173, and that Susan and John Lee are as a result, judgment-proof. *Id.* at ¶94.[3]

It is noted that the undersigned discussed many of these issues regarding the adequacy of consideration in connection with plaintiffs' motion for an order of attachment. Those discussions, however, were in a different context and applied standards that are quite different from those used on a motion to dismiss. Even though plaintiffs failed to carry their heavy burden for an order of attachment, they easily carry their much lighter burden on this motion. The court finds that plaintiffs have stated a plausible claim for relief under DCL §273 and

---

[3]Due to an apparent paragraph numbering error, there are two paragraphs numbered "94."

recommend that Che's motion to dismiss be denied.

Actual Fraud under DCL §276

A conveyance is voidable under DCL §276 when it is made with actual intent "to hinder, delay, or defraud either present or future creditors." Since such a claim requires proof of actual intent to defraud, "it must be pled with specificity as required by Rule 9(b)." *Scantek Med'l,* 583 F. Supp. 2d at 497; *see also Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F.2d 240, 251 (2d Cir. 1987). Rule 9(b) also provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' to support his case, i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *In re Sharp Int'l Corp.,* 403 F.3d 43, 56 (2d Cir. 2005) (quoting *Wall St. Assocs. v. Brodsky,* 257 A.D.2d 526, 529, 684 N.Y.S.2d 244, 247 (1st Dep't 1999)). In cases involving a purported fraudulent transfer, the "badges of fraud" include "1) gross inadequacy of consideration; 2) a close relationship between transferor and transferee; 3) the transferor's insolvency as a result of the conveyance; 4) a questionable transfer not in the ordinary course of business; 5) secrecy in the transfer; and 6) retention of control of the property by the transferor after the conveyance." *Lippe v. Bairnco Corp.,* 249 F. Supp. 2d 357, 375 (S.D.N.Y. 2003) (citations omitted). Another possible indicator of fraud is "the general chronology of the events and transactions under inquiry." *In re Kaiser,* 722 F.2d 1574, 1582-83 (2d Cir. 1983).

Here, plaintiffs have alleged in their Second Amended Complaint that the transfer bears several badges of fraud including inadequate consideration, ¶¶ 158, 173, Lee's insolvency after

the transfer, ¶¶160, 174, Lee's continued involvement in running the Glen Head salon after the transfer ¶¶159, 161-62, 186, and the timing of the transfer in relation to the court-ordered deposition. ¶157.  As plaintiffs have sufficiently alleged prima facie case under DCL §276, the court finds that they have satisfied the pleading requirements of Rule 9(b).

Although there no allegations regarding the extent of Che's knowledge of Lee's intent in making the transfer, "[a]s a general rule, fraudulent intent on the part of the vendor and knowledge thereof on the part of the purchaser may be indicated by the fact that the consideration for the conveyance was not adequate or fairly proportioned to the value of the property." *In re Borriello,* 329 B.R. 367, 379 (Bankr. E.D.N.Y. 2005)(citation omitted); *see also DLJ Mortgage Capital Inc. v. Kontogiannis,* 594 F. Supp. 2d 308, 331 (E.D.N.Y. 2009)(once fraudulent intent is established as to transferor, the burden shifts to the transferor to show there was fair consideration).  Finally, as the transferee of the property at issue, Che is a necessary party to this litigation. *See U.S. v. Mazzeo*, 2001 WL 393671, at *5 (E.D.N.Y. Jan. 10, 2001).  The court finds that plaintiffs have stated a plausible claim for relief under DCL §276 and recommend that Che's motion to dismiss be denied.

Counts XII, XIV, and XVI allege that defendants Susan Lee and John Lee fraudulently conveyed their interest in the Bethpage salon.  Although those Counts have subtitles that suggest they are brought against defendants other than Che, an earlier allegation in the complaint claims that all the corporate defendants are a "single enterprise." 2nd Am. Compl. ¶11.  As there are no allegations regarding Che's involvement in the transfer of the Bethpage salon, it is recommended that her motion to dismiss be granted as to those counts.

**Remaining Causes of Action**

Plaintiffs assert numerous claims under state and federal law pertaining to their treatment at the Bethpage salon.  *See* 2nd Am. Compl. I through X.  Generally, they claim they were not paid overtime, minimum wages, and other payments owed to them, and that they suffered discrimination and were retaliated against in violation of state and federal law.  Despite the lack of any allegations regarding the involvement of defendant Che in any activities at the Bethpage salon where plaintiffs worked, the Second Amended Complaint claims that all defendants are liable for all causes of action.

In her motion papers, Che argues that all federal and state law claims against her should be dismissed, including the federal and state labor law and discrimination claims.  Plaintiffs failed to respond to Che's arguments in their opposition papers, except by way of a single footnote stating "[a]lthough Plaintiffs currently do not claim that Defendant Che is liable for the underlying labor and discrimination law violations alleged in the Second Amended Complaint, Plaintiffs reserve all rights to file such claims against Defendant Che if new information comes to light in discovery, supporting such claims through either direct liability or vicarious liability."  Pls' Mem. in Opp. at n.6.

The Second Amended Complaint fails to allege that Che had any involvement in the Bethpage salon or indeed any connection with plaintiffs' employment.  In addition, plaintiffs have essentially failed to oppose Che's motion.  Accordingly, the undersigned recommends that defendant Che's motion to dismiss be granted as to Counts I through X of the Second Amended Complaint.

## CONCLUSION & OBJECTIONS

For the above stated reasons, it is recommended that defendant Che's motion to dismiss be denied as to Counts XI, XIII, and XV of the Second Amended Complaint. It is further recommended that her motion be granted as to Counts I through X, XII, XIV, and XVI.

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 4, 2010

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge