# COVINGTON & BURLING LLP

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

JOHN HAN
TEL 212.841.1061
FAX 646.441.9061
JHAN @ COV.COM

July 26, 2010

BY ECF

Hon. William D. Wall
Long Island Courthouse
1044 Federal Plaza
Central Islip, NY 11722-9014

    Re:    <u>Thong v. Lovely Nails, Inc. (08-CV-3469)</u>

Dear Judge Wall:

    Plaintiffs in the above titled action write in response to Defendant Ying Ai Che's letter motion to the Court dated July 12, 2010 requesting leave to amend counterclaims. Your Honor should not consider Ms. Che's motion because it is procedurally defective. As a dispositive motion, Defendants must make a motion for leave to amend to Judge Platt in the first instance. *Moss v. Stinnes Corp.*, No. 92 Civ. 3788, 1995 WL 625685, *1 (S.D.N.Y. Oct. 25, 1995) (a motion to amend defamation claim is a dispositive motion); *Covington v. Kid*, No. 94 Civ. 4234, 1999 WL 9835, *2 (S.D.N.Y. Jan. 7, 1999); *Scally v. Daniluk*, No. 96 Civ. 7548, 1997 WL 639036, *1 (S.D.N.Y. Oct. 15, 1997); *cf.* (April 14, 2009 order by the Court referring Plaintiffs' motion for leave to amend complaint to Your Honor). Had it been made to Judge Platt, the motion would have failed to comply with Judge Platt's "Motion Bundle Rule," Rule 2.C. Rule 3.B. Plaintiffs will request, by separate letter to Judge Platt, that Ms. Che's motion for leave be stricken from the docket for failure to comply with Judge Platt's Rule 2.C. If the Court subsequently grants Ms. Che leave to file the Motion for Leave to Amend effectively (on notice and otherwise in conformace with Judge Platt's rules), Plaintiffs respectfully request from the Court, leave to submit a full opposition brief in compliance with Judge Platt's Rule 2.B.[1]

---

[1] On July 15, Plaintiffs request that the Court consolidate and decide together the Motion for Leave to Amend, filed on July 12, 2010, and Plaintiffs' pending Motion to Dismiss Defendant Che's counterclaims, served on June 15, 2010. The issue not having been ruled upon, Plaintiffs now file this opposition within the deadline set by Local Rule 6.1(b). Ms. Che's procedural error has made it unclear whether Plaintiffs' papers must comply with Your Honor's Rule 3.A.i pertaining to letter motions, or Judge Platt's rule 2.B pertaining to memoranda of law. In an abundance of caution, Plaintiffs conform this submission to Your Honor's rule 2.B length (continued…)

COVINGTON & BURLING LLP

Page 2

"[I]f amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied." *Cobb v. XSPORT Fitness, Inc.*, No. 09 CV 3553, 2010 WL 1741270, *29-30 (E.D.N.Y. Apr. 28, 2010); *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Ms. Che's proposed amended counterclaims do nothing to remedy the defects referenced within Plaintiffs' Memo of Law in Support of its Motion to Dismiss Defendant Che's Counterclaims, duly served on all parties June 15, 2010 and attached herein as Exhibit A, and the arguments stated apply equally to Ms. Che's proposed amended counterclaims.

The counterclaim for malicious prosecution cannot be raised as a counterclaim in the same suit alleged to have been maliciously filed. Ex. A ¶¶4-7; *Wiener v. Wiener*, 84 A.D.2d 814, 815, 444 N.Y.S.2d 130, 132 (N.Y. App. Div. 1981) ("Because an element of the cause is prior termination of the objectionable civil action in the injured party's favor, the cause of action for wrongful institution of a civil proceeding does not accrue until such termination; therefore, such a cause cannot be interposed in a counterclaim in the very civil proceeding that was allegedly instituted wrongfully."); *Sasso v. Corniola*, 154 A.D.2d 362, 363, 545 N.Y.S.2d 839, 840 (N.Y. App. Div. 1989).

The counterclaim for abuse of process fails to plead a unlawful interference with property under color of process. Ex. A at 7-10. Ms. Che alleges that Plaintiffs are liable in connection with a subpoena for inspection of the premises of the Diva Nails Salon, but the subpoena for inspection was never executed. Proposed Amended Counterclaims "ACC" ¶ 230. The ACC thus fails to allege an "interference from a provisional remedy such as attachment, arrest or injunction." *Otiniano v. Magier*, 181 A.D.2d 438, 439, 580 N.Y.S.2d 759, 760 (N.Y. App. Div. 1992). Additionally, the "institution of a civil action by summons and complaint will not give rise to a claim to recover damages for abuse of process as they are not legally considered process capable of being abused." *Sokol v. Sofokles*, 136 A.D.2d 535, 536 (2d Dep't 1988); *see* (ACC ¶ 231). Moreover, Ms. Che fails to allege an "improper use of process after it is issued. … A malicious motive alone [] does not give rise to a cause of action for abuse of process." *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 2984); *First Merchant Bank OSH, Ltd. v. Village Roadshow Pictures (U.S.A.) Inc.*, 2002 WL 1423063, at *8 (S.D.N.Y. June 28, 2002) ("[A]buse of process focuses on how process is used once obtained, not whether it was properly obtained to begin with."); ACC ¶ 228-229, 231. Ms. Che does not allege that Plaintiffs never contacted Ms. Che regarding the subpoena after it was quashed.

The claim for common law trespass fails to allege entry onto land possessed by Ms. Che. Ex. A. at 11-12. Ms. Che only alleges that (1) certain individuals, not necessarily Plaintiffs, approached the doors and windows of the salon and looked inside, ACC ¶¶ 236, 242, (2); "blocked the sole means of ingress and egress of the salon"[2] ACC ¶¶ 240, and (3) "trespassed

---

requirements, with a request for leave to submit a full opposition consistent with Judge Platt's rules if Ms. Che effectively files a Motion for Leave to Amend.

[2] AAC ¶ 235. Plaintiffs object to the translation of the document attached as Exhibit B to the proposed ACC. Plaintiffs produced this document during the course of regular document (continued…)

COVINGTON & BURLING LLP

Page 3

onto the parking lot, walkways and entryway of the salon." AAC ¶ 242. None of these actions constitute entry onto land possessed by Ms. Che. Looking in a window is not an entry onto land. Blocking a means of "ingress and egress" is not an entry on to land. Ms. Che admits that the parking lot is "owned by the landlord," and does not allege that she ever had the right to possess the parking lot or sidewalks. Although Ms. Che alleges cryptically that she was entitled to "quiet enjoyment" of the sidewalk and parking lot, this does not amount to a right to possession of those areas, a prerequisite to the claim for trespass. *Niagara Falls Redevelopment, LLC v. Cerrone,* 28 A.D.3d 1138, 1139, 814 N.Y.S.2d 427, 428 (N.Y. App. Div. 2006); *see* ACC ¶ 234.

The defamation claim(s) fail to allege any statements with particularity made by any of Plaintiffs. Ex. A at 12-16. The proposed ACC alleges vaguely that the statements were made by "Plaintiffs and/or their agents." ACC ¶¶ 245; *see Ahmed v. Gelfand*, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001) (defamation claim dismissed due to failure to identify speaker). Exhibit C attached to the ACC is sourced from "The Justice Will be Served! Campaign" not any of Plaintiffs. Exhibit D attached to the ACC is sourced to "Hoon Kim" not any of Plaintiffs. Ms. Che fails to specify which statements referenced in Exhibit D even pertain to Ms. Che. The counterclaim do not allege who the allegedly defamatory statements were published to. *See Gill v. Pathmark Stores, Inc.*, 237 A.D.2d 563, 564, 655 N.Y.S.2d 623, 625 (N.Y. App. Div. 1997). The counterclaim also fails to allege that any statements pled with particularity were are false, which is "an element of the cause of action." *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 393 (S.D.N.Y. 1998). Lastly, the statements alleged to be defamatory are protected by an absolute privilege against claims for defamation for "substantially accurate description[s] of the allegation[s]" made regarding a pending litigation. *Fishof v. Abady*, 280 A.D.2d 417, 417-18, 720 N.Y.S.2d 505, 506 (N.Y. App. Div. 2001); *Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 295 (S.D.N.Y. 2005). Ms. Che's nominal counterclaim for tortious interference with contract should also be dismissed for failure to allege any specific contract that was interfered with. Vague reference to "Each purchase or payment for a service by a customer" is insufficient. (AAC ¶ 248); *Martin Ice Cream Co. v. Chipwich, Inc.*, 554 F. Supp. 933, 945 (S.D.N.Y. 1983).

Sincerely,

John Han
*Counsel to Plaintiffs Siew V. Thong, Yue F. Xia, and Qiao F. Chen.*

cc:   Susan Ghim, Diane Lee, Michael Yim, David Colodny, Carmela Huang, Natasha Korgaonkar

---

discovery in November 2009. On its face, there are no signatories to the document other than Plaintiff Thong, Plaintiff Chen and Plaintiff Xia.