# COVINGTON & BURLING LLP

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

COLIN P. WATSON
TEL  212.841.1261
CPWATSON @ COV.COM

June 4, 2012

BY ECF AND FIRST CLASS MAIL

The Honorable Thomas C. Platt
Long Island Courthouse
1044 Federal Plaza
P.O. Box 9014
Central Islip, NY  11722-9014

     Re:    *Thong et al. v. Lovely Nails et al.* (08-cv-3469)

Dear Judge Platt:

       My firm is counsel to Plaintiffs in the above-titled litigation.  I write to provide Your Honor with an update regarding the bankruptcy proceedings (the "Bankruptcy Case") of Guining Cui (the "Debtor"), one of several defendants in the instant action.  As our previous letter of October 19, 2011 indicates, Ms. Cui filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on September 15, 2011.  At a recent hearing held before the Bankruptcy Court, the Honorable Morris Stern, who is also receiving a copy of this letter, directed the parties to update Your Honor with regard to the status of the Bankruptcy Case given its impact on the matter before this Court.  As will be discussed in more detail below, there are two items of relevance from the Bankruptcy Case for this Court — a non-dischargeability action commenced by Plaintiffs pursuant to various sections of 11 U.S.C. §§ 523 and 727 (the "Adversary Proceeding") and a motion for relief from the automatic stay brought by Plaintiffs pursuant to 11 U.S.C. § 362(d) (the "Lift Stay Motion").

       In connection with the update set forth below, we are also filing today a proposed form of order consistent with this Court's docket entry entered on March 29, 2012 granting summary judgment in favor of Plaintiffs "as unopposed" and directing Plaintiffs to "submit [an] order on notice" (the "Docket Entry").  In light of Judge Stern's ruling on the Lift Stay Motion as described below, that proposed form of order only seeks entry of partial summary judgment against the applicable non-Debtor defendants.

*Adversary Proceeding*

       On December 19, 2011, Plaintiffs commenced the Adversary Proceeding seeking an order denying, in whole or in part, the grant of a discharge for the Debtor.  The relief sought under § 523 of the Bankruptcy Code arises from the claims brought in the instant action and seeks denial of a discharge solely with respect to Plaintiffs' claims against the Debtor.  The relief sought under § 727 of the Bankruptcy Code seeks a complete denial of the discharge and is

COVINGTON & BURLING LLP                                                          - 2 -

generally based on the Debtor's failure to keep adequate records of her assets and liabilities and of her significant transactions. The parties entered into a stipulation to withdraw the § 523 claims on May 11, 2012 and the stipulation was so ordered by the Bankruptcy Court on May 25, 2012. Thus, only the § 727 grounds for denial of a discharge remain. The Bankruptcy Court has scheduled a trial in the Adversary Proceeding for September 28, 2012.

*Lift Stay Motion*

On April 27, 2012, Plaintiffs filed the Lift Stay Motion seeking authorization from the Bankruptcy Court to submit an order to this Court consistent with the Docket Entry as to the Debtor. After a contested hearing on the Lift Stay Motion, the Bankruptcy Court denied the motion without prejudice. A copy of the hearing transcript is enclosed with this letter for Your Honor's reference. Exhibit A.

In denying Plaintiffs' request for relief from the automatic stay, Judge Stern directed the parties to advise Your Honor that he "view[s] the stay as being in place with respect to entry of an order of judgment" with respect to Ms. Cui. However, Judge Stern further stated that he did not believe the automatic stay extended to the other non-Debtor defendants. In addition, Judge Stern indicated he would not grant any stay relief to Plaintiffs until he renders a decision on the § 727 causes of action because, as a practical matter, a judgment in favor of the Debtor in the Adversary Proceeding would moot the underlying causes of action against the Debtor in this Court. On the other hand, if the Bankruptcy Court concludes that the Debtor is not entitled to a discharge, Judge Stern indicated that he would consider a renewed request for stay relief by Plaintiffs. In light of Judge Stern's ruling, Plaintiffs are filing today an order granting the motion for partial summary judgment with respect to the non-Debtor defendants consistent with the Docket Entry.

We are available at the Court's request to discuss any of the foregoing.

Respectfully submitted,

Colin P. Watson

(Enclosures)

cc: The Honorable Morris Stern,
    United States Bankruptcy Court for the District of New Jersey
    Raymond Marelic, Esq.,
       Attorney for the Debtor
    Ying Ai Che
    Lovely Nails NY, Inc.
    J.H. Diva Nails & Spa, Inc.
    New Always Nails Corp.
    Qixing Li a/k/a John Lee