# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

COLIN P. WATSON

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
T 212.841.1261
cpwatson@cov.com

September 23, 2013

**By ECF and First Class Mail**

The Honorable Thomas C. Platt
Long Island Courthouse
1044 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

      Re:     *Thong et al. v. Lovely Nails et al.* (08-CV-3469)

Dear Judge Platt:

      We represent Plaintiffs in the referenced action.  I write to update the Court regarding the status of this case and to inform the Court of Plaintiffs' efforts to bring this litigation to a close, including Plaintiffs' efforts to voluntarily dismiss many of the claims outstanding in this action. In furtherance of those efforts, I also write to request a telephone or in-court conference at which the Court might facilitate Plaintiffs' efforts to voluntarily dismiss all outstanding claims pending between the parties that have appeared in this action, without resort to motion practice that will burden the parties and the Court.

      **Status Update**

      This case is nearly at its end.  In two partial judgments entered against represented defendants Guining Cui a/k/a Susan Lee and Majoongmool Corp., this Court awarded Plaintiffs much of the relief sought when initiating this action, including damages in the amount of $109,786.  [*See* Dkts. 136, 137]

      All that remains outstanding in this action are (a) several additional claims asserted by Plaintiffs against represented defendants Susan Lee, Majoongmool Corp., and Viva Nails & Spa, Inc.; (b) Plaintiffs' claims against defendants-in-default Qixing Lee a/k/a John Lee, Lovely Nails NY, Inc., J.H. Diva Nails & Spa, Inc., and New Always Nails Corp.; (c) Plaintiffs' claims against *pro se* defendant Ying Ai Che; and (d) Ying Ai Che's counter-claims against Plaintiffs and cross-claims against all other defendants.

      For the last several months, Plaintiffs have been preparing to bring this litigation to a close.  Plaintiffs currently contemplate pursuing the following course:

COVINGTON & BURLING LLP

The Honorable Thomas C. Platt
September 23, 2013
Page 2

- By stipulation between all parties that have appeared in this action, Plaintiffs and Ying Ai Che will voluntarily dismiss all outstanding claims asserted against each other, as well as all claims (including cross-claims) asserted against represented defendants Susan Lee, Majoongmool Corp., and Viva Nails & Spa, Inc. that were not disposed of by the Court's ruling on Plaintiffs' motion for partial summary judgment;

- Plaintiffs will voluntarily dismiss by notice (a) all claims asserted in Plaintiffs' Second Amended Complaint against defendants-in-default Lovely Nails NY, Inc., New Always Nails Corp., and J.H. Diva Nail & Spa, Inc.; and (b) seven of thirteen claims asserted in Plaintiffs' Second Amended Complaint against defendant-in-default John Lee;

- Plaintiffs will move for a default judgment against John Lee on the six of thirteen claims asserted against him in the Second Amended Complaint that are not dismissed by the stipulation and/or notice described above; and

- Plaintiffs may move for an award of statutory attorneys' fees and costs under the Fair Labor Standards Act and New York Labor Law following the entry of a final judgment against represented defendants Susan Lee, Majoongmool Corp., and Viva Nails & Spa, Inc.

Our goal through this proposed course of action is to end this litigation in an efficient manner.

**Request for Conference**

During the last few months, in an effort to advance Plaintiffs' plan to close this litigation, Plaintiffs have repeatedly tried to secure the agreement of counsel to defendants Susan Lee, Majoongmool Corp., and Viva Nails & Spa, Inc. to a proposed version of the stipulation described above.[1]  (I have attached as Exhibit A to this letter a copy of the proposed stipulation.) Plaintiffs' extensive efforts — we attempted to contact counsel no fewer than nine times (by telephone, email, and FedEx) — are described in the correspondence that I have attached to this letter as Exhibit B.  Unfortunately, opposing counsel have failed to agree to the proposed stipulation, although they have not affirmatively declined to do so.

---

[1] *Pro se* party Ying Ai Che has informed Plaintiffs' counsel that she will agree to a stipulation that dismisses the claims that relate to her, including her counter-claims and cross-claims.

COVINGTON & BURLING LLP

The Honorable Thomas C. Platt
September 23, 2013
Page 3

  The represented defendants' failure to agree to the stipulation has complicated our efforts to advance this process.  As you know, Rule 41 of the Federal Rules of Civil Procedure limits Plaintiffs' ability to unilaterally dismiss claims against defendants that, like the represented defendants in this action (as well as Ying Ai Che), have answered the operative complaint.  *See, e.g., Best Indus. (Pvt), Ltd. v. Pegasus Maritime, Inc.*, No. 13 Civ. 446, 2013 WL 2468030, at *2 (S.D.N.Y. June 7, 2013) (refusing to grant a dismissal pursuant to a stipulation signed by fewer than all parties appearing in the action).  Plaintiffs of course can initiate motion practice to effect that dismissal.  Plaintiffs, however, are reluctant to burden the Court with motion practice where, as here, voluntary dismissal is so clearly in all parties' interests, and where it is not clear that any non-defaulting party objects to such voluntary dismissal.

  Accordingly, Plaintiffs respectfully request that the Court arrange a telephone or in-court conference at which the matters addressed in this letter, including Plaintiffs' proposed stipulation of dismissal, can be discussed.  We are hopeful that, with the assistance of the Court, the parties will be able to agree to a stipulation of voluntary dismissal, moving this litigation further towards its end without unduly burdening the Court.

*  *  *

  We are available at the Court's request to discuss any of the foregoing.  We very much appreciate the Court's continued attention to these matters.

Respectfully submitted,

Colin P. Watson

Attachments

cc: Michael D. Yim, Esq.
   Diane H. Lee, Esq.
   Ying Ai Che
   Lovely Nails NY, Inc.
   J.H. Diva Nails & Spa, Inc.
   New Always Nails Corp.
   Qixing Li a/k/a John Lee